**The below described is SIGNED.**

(msc)

**Dated: February 21, 2006**

_____
JUDITH A. BOULDEN
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy Number:  05-80225 |
|---|---|
| Blas Reyes, Jr. and Jean R. Reyes, | Chapter 13 |
| Debtors. | |

**MEMORANDUM DECISION DENYING REQUEST TO EXTEND TIME
TO FILE PAPERS REQUIRED BY 11 U.S.C. § 521(a)(1)**

**I.  BACKGROUND**

The above-captioned Chapter 13 case was filed on December 6, 2005 after the general effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA).  The filing of the case was followed by the filing of various required papers on December 19, 2005; however, the Debtors did not file copies of payment advices or other evidence of payment received within 60 days before the date of the filing of the petition as required by § 521(a)(1)(B)(iv).  Section 521(i)(1) operates to automatically dismiss voluntary individual Chapter 7 and Chapter 13 cases in which papers required by § 521(a)(1) have not been filed within 45 days of the petition date and in which no requests for extension have been timely

asserted under § 521(i)(3) or § 521(i)(4). January 20, 2006 was the 45th day after the filing of this case, but no pay advices or other evidence of payment were filed until January 24, 2006.

The Court issued an Order to Show Cause on January 26, 2006 indicating that "although the debtors ultimately filed payment advices, it appears that no such payment advices or other evidence of payment was filed within the time required by the statute." The Court then ordered the Debtors to "file with the Court a written explanation of the failure to timely file the documents required by section 521(a)(1)[B](iv) of the Bankruptcy Code on or before February 10, 2006 and to otherwise show cause why their chapter 13 case was not dismissed by operation of statute 'effective on the 46th day after the date of the filing of the petition.'"

On February 9, 2006, the Debtors filed a Declaration of Debtors in Response to Order to Show Cause (Response). The Response states that the Debtors were aware of their duty to submit payment advices but that Mr. Reyes "had no copies of the checks in his possession at the time of filing of his bankruptcy" and that the Debtors "were not able to obtain a copy of their last check until Friday, January 20, 2006."[1] The papers were then forwarded to counsel on January 23, 2006. Counsel filed the papers on January 24, 2006. The Debtors state that their failure to timely file the payment advices "was beyond their control" and that either § 521(i)(3) or § 521(i)(4) gives the Court discretion to extend the time for filing required papers and to decline to dismiss cases in which required papers are not timely filed. The Court has construed the Response as the Debtors' request for an extension of time in which to file their required papers.

---

[1] Although Mr. Reyes lists his income as "1099 Wages" on Schedule I and refers to himself as a "1099 contractor" for his father's trucking business in the Response, there is no allegation that Mr. Reyes did not receive payment advices "from any employer" within the 60 days prior to the case being filed. The Debtors' Statement of Financial Affairs indicates that Mrs. Reyes received no income in the year 2005, so there was no requirement for her to file payment advices covering the 60 days prepetition because she would have received no such payment advices.

## II.  DISCUSSION

The Court recently addressed the issues raised by this case in the Chapter 7 context in *In re Fawson*, Bankr. No. 05-80224, slip op. (Feb. 21, 2006) #488, Recent Opinion Index (1997-Present), United States Bankruptcy Court for the District of Utah.  As discussed therein at pages 10-15, requests for extension of the time in which to file papers required by § 521(a)(1) must be made within the 45-day window before the automatic statutory dismissal of § 521(i)(1) becomes effective – only then *may* the Court allow debtors an extension of time in which to file required papers or decline to dismiss their cases.  This limited discretion is lost when no extension request is timely filed by either the Debtors or the case trustee.

In this case, the trustee made no such request and the Debtors did not file their Response until February 9, 2006 – 20 days too late – and only following the Court's issuance of the Order to Show Cause.  Although the Debtors allege that they have shown a "good faith attempt" to file all required papers, good faith is irrelevant to the issue of automatic statutory dismissal.  Likewise, despite the assertion that the failure to file the required papers was "beyond [the Debtors'] control," it was clearly not beyond their control to file a timely extension request under § 521(i)(3).

## III.  CONCLUSION

The changes to the Bankruptcy Code effected by BAPCPA give the Court no discretion in cases such as this one to extend the time for filing papers required under § 521(a)(1) when no timely request has been made.  Automatic dismissal is the only result.  As such, Mr. Reyes' case was dismissed by operation of the statute effective January 21, 2006.  As it appears that Mrs. Reyes did not receive any income within the 60 days prior to filing this bankruptcy case, she was under no duty to file payment advices; thus, her case is not dismissed and remains under the

jurisdiction of the Court. The Court will issue a separate Order and Notice of Dismissal in accordance with this Memorandum Decision.

-------------------------------------------END OF DOCUMENT-------------------------------------------



_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION DENYING REQUEST TO EXTEND TIME TO FILE PAPERS REQUIRED BY 11 U.S.C. § 521(a)(1)** will be effected through the Bankruptcy Noticing Center to each party on the official mailing matrix.

